## H. Nibauer *v.* H. Oster and M. Oster.

Argued October 13, 1930.

Before TREXLER, P. J., LINN, GAWTHROP, CUN-
NINGHAM, BALDRIGE and WHITMORE, JJ.

*Barnet Lieberman,* and with him *Herman D. Levin-
son,* for appellant.—Evidence in violation of the con-
tract must be clear and indisputable. An injunction
should not issue except in a clear case: Harkinson's
Appeal, 78 Pa. 196.

*I. Finkelstein,* for appellee, cited: Sperry & H.
Co. v. McKelvey H. Co., 64 Pa. Superior Ct. 57; Bel-
mont Laboratory v. Heist, 300 Pa. 542.

PER CURIAM, November 20, 1930:
On March 24, 1928, Harry Nibauer, the plaintiff,
entered into an agreement with Henry Oster and Mary
Oster to purchase a property together with the good-
will of the delicatessen and grocery business therein.
The agreement contained a covenant: "The sellers
farther agree not to engage in the same line of busi-
ness, direct or indirect, either as owners, co-partners
or managers, within a radius of ten (10) blocks from
2121 East Chelten Avenue, for a period of five (5)
years."
In June, 1929, a man named Albert Zinger, a violin

teacher, purchased a property within two city blocks of the one occupied by the plaintiff. Shortly after the purchase, a corporation was formed, known as the Stenton Delicatessen. The incorporators were Harry Oster, a son of the defendants, eighteen years of age, the above named Albert Zinger and a third person, named Fred Hartman. The court found that "the business at 2101 Stenton Avenue, though carried on under the name of the Stenton Delicatessen, was an illegal device procured by Henry Oster for the purpose of concealing a violation of the covenant made with complainant."

This conclusion is amply justified by the facts which appear in the following extracts from Judge FERGUSON's opinion: "The participation of Henry Oster was not nebulous. He took part in the negotiations for the purchase of the property, although the actual agreement was made in Zinger's name. He went on Zinger's bond for $10,000; he was active in the store every day during the months of July, August, September, October and November. He gave the boy $500 in cash towards his contribution to the stock of the corporation but the contribution was made in cash and left no tell-tale check behind it. He would have the court believe that he did not know anything about the formation of the corporation or the purchase of the property, and that he permitted Zinger and his son, neither of whom had any experience in that business, to purchase a valuable property and its stock and goodwill, without advising or consulting them. In addition, he purchased goods from the supply houses, being crafty in his dealings with them and telling them that he had to be very careful and that he was forming a corporation. Most of the salesmen never saw the boy or Zinger in the store, but took their orders and received their money from Henry Oster. Oster contradicts these men and the Trial Judge accepts their story

and refuses to credit his ...... Henry Oster is both directly and indirectly engaged in the line of business at 2101 Stenton Avenue which he covenanted that he would not do."

We do not think that the subject needs any further elaboration. The order restraining Henry Oster from further violating the agreement, either acting personally or under cover of the Stenton Delicatessen or Harry Oster, was properly entered.

The decree is affirmed, appellant to pay the costs.